**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS JOHNSON, | No. 09-36111 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01651-RAJ |
| v. | |
| GRADY WAY STATION LLC, a Washington partnership; JAY B. CRAMER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted August 29, 2011[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Carlos Johnson appeals pro se the judgment in favor of defendants Grady

Way Gas Station and Jay Cramer after a jury trial in Johnson's 42 U.S.C. §§ 1981

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 1982 action for damages. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's formulation of jury instructions for abuse of discretion. *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005). The district court did not abuse its discretion by refusing to give Johnson's proposed instruction that use of a racial slur may be considered direct evidence of intent to discriminate. The court's instructions, as a whole, adequately and correctly stated the law regarding Johnson's civil rights claim. *See Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (stating that failure to give a specific instruction is not error when the instructions taken together properly cover the subject); *United States v. Marabelles*, 724 F.2d 1374, 1382-83 (9th Cir. 1984) ("A trial judge is given substantial latitude in tailoring [jury] instructions so long as they fairly and adequately cover the issues presented."). Nor did the district court abuse its discretion by declining to supplement its instructions in response to two juror notes regarding the definition of emotional distress. *See Arizona v. Johnson*, 351 F.3d 988, 995 (9th Cir. 2003) (where a defendant does not contend that the court's instructions are an incorrect statement of law, a "court act[s] within its discretion by simply referring the jury to the instructions they ha[ve] already been given").

We need not address whether the district court misapplied *Batson v. Kentucky*, 476 U.S. 79 (1986), because "a good faith, erroneous denial of a peremptory challenge does not require automatic reversal" if the court's error was harmless. *United States v. Lindsey*, 634 F.3d 541, 550 (9th Cir. 2011); Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Johnson did not challenge any juror for cause at trial; nor has he adduced any evidence at all that a juror on his panel was biased. Because Johnson proceeded "before a qualified jury composed of individuals not challengeable for cause, the loss of a peremptory challenge due to [the] court's good-faith error is not a matter of federal constitutional concern," nor does it require reversal as a matter of federal law. *Rivera v. Illinois*, 129 S. Ct. 1446, 1453, 1455 (2009). Johnson "received precisely what due process require[s]: a fair trial before an impartial and properly instructed jury." *Id.* at 1456. Johnson's "substantial rights" were unaffected and thus any error was harmless.

We lack jurisdiction over Johnson's challenge to the district court's order denying his motion for a new trial because Johnson failed to file an amended notice of appeal from that decision. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (requiring an

amended notice of appeal when a party intends to challenge an order denying a motion for a new trial).

We do not consider issues not adequately raised in Johnson's opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

**AFFIRMED.**

09-36111